IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASI CONSTRUCTION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-01138-JD |
| | ) |
| CITY OF OKLAHOMA CITY, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendants City of Oklahoma City and Oklahoma City Water Utilities Trust's Motion to Dismiss Plaintiff's First Amended Complaint ("Motion") [Doc. No. 38].[1] Plaintiff has responded and Defendants have replied [Doc. Nos. 39, 40]. Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting this Court lacks jurisdiction and Plaintiff has failed to state a claim against Defendants upon which relief may be granted. Based on the parties' submissions, and under the applicable law, the Court denies the Motion.

**I.     Background**

Plaintiff ASI Construction, LLC sues Defendants City of Oklahoma City ("City"), Oklahoma City Water Utilities Trust ("Trust"), and Freese and Nichols, Inc., seeking compensation for unpaid labor, equipment, materials, and services. Taking the allegations in the First Amended Complaint [Doc. No. 34] as true, in May of 2018, Plaintiff entered a

---

[1] Page citations reference the CM/ECF pagination.

contract with Defendants City and Trust (collectively "Defendants" for purposes of this Order) to rehabilitate the Atoka Dam spillway and chute ("Contract"). Defendant Freese and Nichols, Inc. was the professional engineer working on the rehabilitation project. Plaintiff was unable to complete the work as specified in the Contract because the design prepared by Freese and Nichols, Inc. was defective. Because of the defective design, it was necessary for Plaintiff and Plaintiff's subcontractors to perform additional work, outside the scope of the Contract. Also because of the defective design, Plaintiff and Plaintiff's subcontractors encountered delay in performing the Contract. Plaintiff's damages resulting from the defective design exceed $17 million.[2]

## II.     Standard of Review

### A.     Rule 12(b)(1)

Motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) constitute either "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). When, as here, the motion is a facial attack, the Court applies "a standard patterned on Rule 12(b)(6) and assume[s] the truthfulness of the facts alleged." *Utah Native Plant Soc'y v. United States Forest Serv.*, 923 F.3d 860, 865 (10th Cir. 2019) (internal quotation marks and citation omitted).

---

[2] The Court finds that complete diversity exists and that the amount in controversy exceeds $75,000. *See* [Doc. Nos. 34, 37, 46].

### B. Rule 12(b)(6)

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pled factual allegations as true, views them in the light most favorable to the non-moving party, and liberally construes the pleadings. *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1136 (10th Cir. 2023). That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; the plaintiff "is not required to prove its case in the pleadings." *Glover v. Mabrey*, 384 F. App'x 763, 772 (10th Cir. 2010) (unpublished). Rather, the complaint "must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Straub v. BNSF Ry. Co.*, 909 F.3d 1280, 1287 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. Analysis

### A. Rule 12(b)(1)

Defendants first urge the Court to dismiss Counts Two and Three of the First Amended Complaint ("FAC") [Doc. No. 34] under Rule 12(b)(1), arguing the Court lacks subject-matter jurisdiction to hear the claims. Motion at 10–14. Count Two is a claim for quantum meruit and Count Three is a claim for unjust enrichment. Defendants argue these claims are, by statutory definition, torts governed by Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151, *et seq.* ("GTCA").

In the GTCA, Oklahoma invokes sovereign immunity as to all tort claims against "[t]he state [and] its political subdivisions" but then waives that immunity "to the extent and in the manner provided in [the] Act." Okla. Stat. tit. 51, § 152.1(A)–(B). As a result,

Oklahoma and its political subdivisions—like Defendants—are immune from suit in tort unless a plaintiff's suit complies with the GTCA's requirements, including specifying in the complaint compliance with mandatory notice requirements. *Hall v. GEO Grp., Inc.*, 324 P.3d 399, 406 (Okla. 2014). When the GTCA governs, failure to plead compliance will result in dismissal of the complaint for lack of subject-matter jurisdiction. *Drake v. Oklahoma ex rel. Oklahoma State Dep't of Health*, CIV-22-471-D, 2022 WL 4543227, at *2 (W.D. Okla. Sept. 28, 2022).

As Defendants note, the dispositive question is whether Plaintiff's claims are torts under the GTCA. The Court finds they are not. The GTCA broadly defines "tort" as

> a legal wrong, *independent of contract*, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment.

Okla. Stat. tit. 51, § 152 (emphasis added).[3]

Defendants argue that, as quantum meruit and unjust enrichment are quasi-contractual, they are independent of contract and, accordingly, fall within the GTCA's definition of tort. While it is true that quantum meruit and unjust enrichment claims are quasi-contractual, it does not follow that they are, therefore, torts under the statute. Rather, though the quasi-contractual claims may be outside of or independent of the

---

[3] Though the GTCA has been amended since the date the Contract was executed, the substance of the GTCA's definition of tort has remained unchanged. The Court applies the version of the statute in effect from the November 1, 2021, to October 31, 2022.

express contract at issue here, they are not independent of the contract altogether. Instead, a quasi-contract, also known as implied-in-law or constructive contract, is a fictional contract imposed by law to adapt the case to a remedy. *Star Well Servs., Inc. v. W. Oilfields Supply Co.*, CIV-19-672-R, 2020 WL 4018809, at *4 (W.D. Okla. July 16, 2020) (citing *T&S Inv. Co. v. Coury*, 593 P.2d 503, 504 (Okla. 1979) (discussing the distinction between quasi-contracts, implied-in-fact contracts, and express contracts)).

In other words, in asserting a quasi-contractual claim, a plaintiff "ask[s] the law to impose a contract" so that a remedy can be applied. *T&S Inv. Co.*, 593 P.2d at 505.[4] And even though an implied-in-law contract is different from an implied-in-fact contract or an express contract, it still exists as an unwritten contract enforceable by an action ex contractu.[5] *Id.*; *see also Conkling's Estate v. Champlin*, 141 P.2d 569, 570 (Okla. 1943) (describing quasi-contracts as "contracts arising from facts and circumstances independent of agreements or presumed intention"); Okla. Stat. tit. 12, § 95(2) (imposing a 3-year statute of limitations on "[a]n action upon a contract express or implied not in writing," which includes quasi-contracts (*see, e.g.*, *T&S Inv. Co.*, 593 P.2d at 505)).

---

[4] Rule 8(a) allows for the relief sought by a plaintiff to be relief in the alternative, and Rule 8(d) allows a plaintiff to make alternative statements of the claim where the pleading is sufficient if any one of them is sufficient. *See generally* Fed. R. Civ. P. 8. Counts Two and Three are alternative theories according to the Complaint. FAC ¶¶ 110, 126.

[5] An action is one ex contractu – or deemed to arise from a contract – when recovery is sought for breach of (a) an express promise, (b) a promise implied in fact, or (c) a promise implied in law. *Shebester v. Triple Crown Insurers*, 826 P.2d 603, 610 (Okla. 1992); *Thiry v. Armstrong World Indus.*, 661 P.2d 515, 519 (Okla. 1983) (Opala, J., concurring).

Accordingly, Plaintiff's quasi-contractual claims are not independent of contract and do not fall within the GTCA's definition of tort.[6] Defendants' Motion with respect to subject-matter jurisdiction over Counts Two and Three is therefore denied.

**B.     Rule 12(b)(6)**

   *1.     The City as a party to the Contract*

Defendants argue the City is not a proper party to this action because it is not a party to the Contract and, thus, the breach of contract claim against the City should be dismissed. Motion at 15–17. The Contract is "by and between the . . . Trust . . . and [Plaintiff]." [Doc. No. 34-1] at 2.[7] In the FAC, however, Plaintiff alleges the City is a party to the Contract by virtue of the City's Standard Specifications, which govern all aspects of bidding and construction of the project. FAC ¶¶ 27–31. Plaintiff specifically alleges that the definitions set forth in the Standard Specifications are applicable to the

---

[6] Defendants rely on two cases that are not binding authority or are otherwise distinguishable. *See Davis v. King*, 560 F. App'x 756 (10th Cir. 2014) (unpublished); *Wind River Constr., L.L.C. v. Harper Constr. Co., Inc.*, CIV-17-599-SLP, 2018 WL 9837964 (W.D. Okla. Apr. 5, 2018).

[7] The Court has reviewed portions of the Contract, which Plaintiff attached to the FAC [Doc. No. 34-1]. The Court has also taken judicial notice and reviewed the Standard Specifications, which are publicly available documents central to Plaintiff's allegations. https://www.okc.gov/departments/public-works/engineer-architect-resources/standards (last visited June 30, 2023); *see State ex rel. Balderas v. United States Nuclear Regulatory Comm'n*, 59 F.4th 1112, 1120 n.5 (10th Cir. 2023) (taking judicial notice of a report publicly available on the defendant's website). As Plaintiff did not attach the Bidding Documents or Contract Documents to the FAC, the Court has not reviewed them and relies on Plaintiff's allegations. The Court notes that the Contract does not consist only of the pages found at [Doc. No. 34-1], but incorporates additional documents that are not attached to the FAC.

"Bidding Documents and Contract Documents" for the project. *Id*. ¶ 28. The Standard Specifications define the City as:

> A municipal corporation acting through its duly authorized representatives, agents or employees. This definition shall incorporate "Trust" or "Authority" when in the Bidding Documents the Contracting entity is identified as one of the City's specified trusts, boards, or authorities of which the City is a beneficiary.

Plaintiff further alleges that the Bidding Documents identify the Trust as the contracting entity. FAC ¶ 30. As such Plaintiff alleges the Trust is incorporated into the definition of the City and, thus, the City is a party to the Contract.

Being mindful that, at this stage, Plaintiff need only "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and reviewing the allegations in the light most favorable to Plaintiff, the Court finds Plaintiff has set forth sufficient allegations to allow the Court to reasonably infer liability. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Lucas*, 58 F.4th at 1136. Defendants' argument that the Trust and the City are presumed to be separate and distinct under state statute does not contradict Plaintiff's allegation that the City has adopted standards under which it accepts responsibility for the contracts of its various trusts, boards, or authorities. Nor does it undermine the Court's determination that Plaintiff has provided sufficient pleading allegations to survive Defendants' Motion. Defendants' Motion to dismiss the breach of contract claim (Count One) against the City is denied.

    2. *Statutory limitations*

      a. The Public Competitive Bidding Act

Defendants assert that Oklahoma's Public Competitive Bidding Act ("PCBA"), Okla. Stat. tit. 61, § 101, *et seq.*, limits Plaintiff's "remedy for compensation over and above the contract price" because the additional work and delays alleged by Plaintiff were not readvertised for bids. Motion at 18–19 (internal quotation marks omitted). But the PCBA section relied on by Defendants requires readvertising for bids for certain "[c]hange orders or addenda to public construction contracts of over One Million Dollars." Okla. Stat. tit. 61, § 121. And Plaintiff does not allege it is owed for changes in the Contract, such as change orders or addenda. Rather, Plaintiff alleges it is owed for out-of-scope work, or extra work outside the scope of the Contract. *E.g.*, FAC ¶¶ 12, 63, 64, 66, 75, 82. The difference in these types of work is also evident in the City's Standard Specifications wherein "Amendments" and "Change Orders" are both defined as "changes to the Contract Documents" while "Extra Work" is defined as "[a]ny work performed by the Contractor not provided for in the Contract Documents." Standard Specifications, §§ 100.01, 108.03; *see also M.J. Lee Const. Co. v. Oklahoma Transp. Auth.*, 125 P.3d 1205, 1211 (Okla. 2005) ("[A] highway construction contractor may be entitled to additional compensation, over and above the contract price, for costs incurred due to delay not caused by the contractor, for extra work authorized by the public entity, or for work necessitated by changed conditions."). Accordingly, Plaintiff's allegations are sufficient to withstand Defendants' arguments regarding the PCBA, and this portion of the Motion is denied.

### b. The Public Trust Act

Defendants also assert that a provision of what is commonly called the Oklahoma Public Trust Act, Okla. Stat. tit. 60, § 176, *et seq.*, renders Plaintiff's claims "implausible" because the Trust may not "create an indebtedness or obligation until the indebtedness or obligation has been approved by a two-thirds (2/3) vote of the governing body of the beneficiary." Motion at 20–21 (citing Okla. Stat. tit. 60, § 176(F)). The reasoning set forth above is applicable here. Accepting Plaintiff's allegations as true and viewing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff is seeking compensation for work performed outside the scope of the Contract, which leads to the reasonable inference that the Trust did not deliberately create an indebtedness or obligation that would require approval by the City pursuant to Okla. Stat. tit. 60, § 176(F). Accordingly, Plaintiff's allegations are sufficient to withstand Defendants' arguments regarding § 176(F) at this stage, and this portion of the Motion is denied.

### 3. *Assertion of duplicative claims*

Finally, Defendants argue Plaintiff's equitable claims of quantum meruit and unjust enrichment (Claims Two and Three) should be dismissed because Plaintiff's breach of contract claim provides an adequate remedy at law. Motion at 21. Generally, equitable remedies are not available when an adequate remedy at law exists, such as "when an enforceable express contract regulates the relations of the parties with respect to the disputed issue." *Member Servs. Life Ins. Co. v. Am. Nat'l Bank & Trust Co. of Sapulpa*, 130 F.3d 950, 957 (10th Cir. 1997); *see also Krug v. Helmerich & Payne, Inc.*, 320 P.3d 1012, 1022 (Okla. 2013) ("The long-standing rule in Oklahoma is that a

9

plaintiff may not pursue an equitable remedy when the plaintiff has an adequate remedy at law."). But at the motion to dismiss stage, "Oklahoma federal courts consistently decline to dismiss alternative theories and requests for relief." *Kunneman Props., LLC v. Marathon Oil Co.*, 17-CV-00456-GKF-JFJ, 2019 WL 4658362, at *8 (N.D. Okla. Sept. 24, 2019) (discussing that *Krug* was not decided in the context of a motion to dismiss, and citing cases). Though Plaintiff will not be permitted to receive double recovery and resolution of the contract claim may ultimately make equitable relief inappropriate, Plaintiff is permitted to pursue alternative theories of recovery and seek both legal and equitable relief at this stage. *See generally* Fed. R. Civ. P. 8; *see also Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1258 (W.D. Okla. 2012). Thus, Defendants' Motion with respect to Plaintiff's equitable claims is denied.

## IV.  Conclusion

For the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. No. 38].

IT IS SO ORDERED this 30th day of June 2023.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE